**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

TIA M. MALMQUIST,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. C 07-3085-MWB

**ORDER REGARDING
MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL STANDARDS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A. Malmquist's Mental Functional Capacity* . . . . . . . . . . . . . . . . . 6
    *B. Malmquist's Physical Functional Capacity* . . . . . . . . . . . . . . . . 13

*IV. DIRECTIONS ON REMAND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*V. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## I. INTRODUCTION

On June 26, 2006, plaintiff Tia Malmquist filed applications for Title II disability insurance[1] and Title XVI Supplemental Security Income benefits.[2] In her applications, Malmquist alleges a disability onset date of August 26, 2005.[3] The causes of her disability, according to Malmquist, are bipolar disorder, depression, post-traumatic stress disorder, and back problems. R. at 93. Malmquist's applications for benefits were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing, as requested, on Malmquist's claims on June 5, 2007. The ALJ issued a decision on July 11, 2007, which denied Malmquist's request for benefits. On October 11, 2007, the Appeals Council also denied Malmquist's request to review the ALJ's decision, and therefore the denial of benefits was a final decision of the Commissioner.

On December 14, 2007, Malmquist filed a complaint in this court seeking review of the Commissioner's decision. Doc. No. 1. The undersigned referred the case to Chief United States Magistrate Judge Paul A. Zoss for a report and recommendation. On November 6, 2008, Judge Zoss issued a report and recommendation, which recommends that the undersigned reverse the Commissioner's decision and remand the case for further proceedings. Doc. No. 13. Judge Zoss found that the record was insufficient, with regard to Malmquist's mental functional abilities, and did not contain substantial evidence to

---

[1] Title II of the Social Security Act provides insurance benefits to individuals who establish that they suffer from a physical or mental disability. *See* 42 U.S.C. § 423.

[2] Title XVI of the Social Security Act provides supplemental income to individuals who are disabled while also indigent. *See* 42 U.S.C. § 1382.

[3] Malmquist's "earnings record shows that [she] has acquired sufficient quarters of coverage to remain insured through December 31, 2010." R. at 16.

support the ALJ's determination that Malmquist is not disabled from a mental standpoint.[4] However, Judge Zoss found that there was substantial evidence to support the ALJ's assessment of Malmquist's physical residual functional capacity. Neither Malmquist nor the Commissioner filed objections to Judge Zoss's report and recommendation.

## II. LEGAL STANDARDS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2008); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the

---

[4] Judge Zoss noted that the record should have resolved the obvious inconsistencies between Dr. Morton's conclusions and Malmquist's treating therapist's ongoing assessments of Malmquist's mental status.

3

> district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court reviews the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). The United States Supreme Court has explained that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In applying this standard to review Judge Zoss's report and recommendation, the court must also be mindful of the standards upon which an appealed Commissioner's

decision is reviewed.  If appealed, the court reviews the Commissioner's decision to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence on the record as a whole.  *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007).  Under this deferential standard, "[s]ubstantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).  "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion."  *Page*, 484 F.3d. at 1042 (quoting *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999).  Even if the court would have "'weighed the evidence differently,'" the Commissioner's decision will not be disturbed unless "it falls outside the available 'zone of choice.'"  *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007) (quoting *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006)).  Therefore, the court will consider whether Judge Zoss's determinations are clearly erroneous, while keeping in mind that the ALJ must have substantial evidence in support of his factual findings.

### III.  LEGAL ANALYSIS

In his report and recommendation, Judge Zoss makes two central findings.  First, he finds that the record is insufficient concerning Malmquist's mental functional abilities. As a result, Judge Zoss recommends that the undersigned reverse the Commissioner's finding that Malmquist is not disabled and remand the case for further proceedings. Second, Judge Zoss finds that substantial evidence exists to support the ALJ's finding that Malmquist has the residual physical functional capacity to perform some light work, but noted that there was also evidence that Malmquist did not have the requisite physical

functional capacity for light work. The court will evaluate whether these findings are clearly erroneous.

### A. *Malmquist's Mental Functional Capacity*

The ALJ found that Malmquist's "functional status while abusing prescription drugs, alcohol and marijuana did result in functional limitations consistent with meeting listing 12.09 (20 C.F.R. Part 404, Appendix 1 to Subpart P) in that she was markedly impaired in two functional areas."[5] R. at 20. However, the ALJ found that absent the abuse of these substances, Malmquist's "mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, 12.08, or 12.09." R. at 19. In support of his finding, the ALJ generally relied on a report by William E. Morton, Licensed Clinical Psychologist, compiled after a psychodiagnostic

---

[5] The ALJ's report recognizes the four general functional areas:
> To satisfy the 'paragraph B' criteria, the mental impairments must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration.

R. at 19. However, he did not specify in which two areas Malmquist had impairment. The ALJ also notes that:

> The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments.

*Id*.

evaluation. The ALJ also seemed to rely, in part, on his observation that Malmquist's "hospitalizations repeatedly followed episodes of substance abuse." R. at 20. Judge Zoss found that Dr. Morton's report did not provide substantial evidence to support the ALJ's finding concerning Malmquist's mental functional abilities. In addition, Judge Zoss does not dispute that Malmquist's substance abuse preceded her hospitalizations, but he finds that there is not substantial evidence to support the ALJ's assertion, or assumption, that the substance abuse caused the hospitalizations. Instead, Judge Zoss found that "[t]he evidence indicates Malmquist's use of alcohol and misuse of prescription drugs has been caused by her mental problems, and not that her mental problems have been caused by her substance abuse." Doc. No. 13.

The court evaluates an ALJ's finding of mental functional capacity, and the subsequent disability finding, with the guidance of the familiar five-step analysis found in 20 C.F.R. § 404.1520.[6] *See Jones v. Barnhart*, 335 F.3d 697, 699 (8th Cir. 2003).

---

[6] 20 C.F.R. § 404.1520 provides:
> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

(continued…)

However, the court recognizes that "if alcohol or drug abuse comprises a contributing factor material to the determination of disability, the claimant's application must be denied." *Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003)(citing 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535). When considering the effects of alcohol or drug use, properly following the steps set forth in 20 C.F.R. § 404.1535 is critical. *See Id.* at 693-695. The Eighth Circuit Court of Appeals, in *Brueggeman v. Barnhart*, applied 20 C.F.R. § 404.1535[7] and explained the three steps that ALJs must follow before

---

[6](…continued)
    (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
    (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.
20 C.F.R. § 404.1520 (internal references omitted).

[7] The following is the text of 20 C.F.R. § 404.1535:
    (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
    (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
    (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
    (continued…)

determining whether a claimant's substance abuse is a contributing factor material to the determination of disability:

> Only after the ALJ has made an initial determination 1) that [the claimant] is disabled, 2) that drug or alcohol use is a concern, and 3) that substantial evidence on the record shows what limitations would remain in the absence of alcoholism or drug addiction, may he then reach a conclusion on whether [the claimant's] substance use disorders are a contributing factor material to the determination of disability.

*Id.* at 695. In the first step, an ALJ must make a disability determination "on substantial evidence of [the claimant's] medical limitations without deductions for the assumed effects of substance use disorders." *Id.* "The inquiry here concerns strictly symptoms, not causes…." *Id.* "Substance use disorders are simply not among the evidentiary factors our precedents and the regulations identify as probative when an ALJ evaluates a physician's expert opinion in the initial determination of the claimant's disability." *Id.* (citations omitted). The court also explained that the claimant has the burden of proving that

---

[7](…continued)
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

9

substance abuse was not a "contributing factor material to the disability determination…," but that the claimant's burden does not relieve the ALJ from his or her "responsibility of developing a full and fair record in the non-adversarial administrative proceeding." *Id.* (citations omitted). If, after developing a full and fair record, "the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow." *Id.*

In this case the ALJ, while following the familiar five-step analysis, found preliminarily that Malmquist was disabled but then found that Malmquist would not be disabled absent the substance use disorder. The ALJ appeared to generally apply the appropriate framework and the court does not find legal error.[8] *See Id.* However, assuming the proper legal standards were applied, the ALJ's factual findings still must be supported by substantial evidence on the record as a whole. *See Page*, 484 F.3d at 1042.

The ALJ's determination that Malmquist is not disabled due to deficient mental functional abilities is not supported by substantial evidence for three reasons. First, the ALJ relied on Dr. Morton's report, from a consultive psychological examination, without regard to the inconsistencies it raised in relation to the rest of the record—Dr. Morton generally found that Malmquist was subject to mild to moderate mental limitations while Diane Mangold, Malmquist's therapist, repeatedly found that Malmquist had severe psychological impairment. The ALJ's decision provided the following explanation for relying on Dr. Morton's report despite the inconsistences:

---

[8] Malmquist claims that the ALJ committed legal error "[t]o the extent [that] the ALJ failed to apply this standard." Doc. No. 8. Although the record provides some ambiguity concerning whether the standard was probably applied, the court is remanding the case and provides instructions concerning the appropriate standard below.

> The claimant's therapist who is a social worker and her physician's assistant, who prescribes her psychotripic medication, did not provide written opinions in connection with the claim regarding Ms. Malmquist's mental capacity. While there are reports in treatment notes from a family physician that her application for disability would be supported, the treatment notes do not establish that she is so functionally limited as to be precluded from competitive employment and no explicit opinion was provided by that physician. The opinion of Dr. Morton, a consultative psychologist who formally evaluated the claimant, is relied upon generally regarding her mental functioning.

R. at 27. Regardless of whether Dr. Morton should have reviewed Malmquist's treatement records, and did not, as Malmquist alleges, *see* Doc. No. 8, the court finds that Dr. Morton's exam, when viewed with the record as a whole, does not provide substantial evidence for the ALJ's conclusion that Malmquist's mental functional abilities warranted a finding that she was not disabled.

Second, the ALJ appeared to rely on a faulty assumption when determining the impact of Malmquist's alleged substance use disorder. The ALJ assumed that Malmquist's use of alcohol or drugs before hospitalizations meant that the use of these substances caused the hospitalizations. There is ample evidence in the record to establish that Malmquist's hospitalizations, and other mental problems, are caused by other factors, even if the substances were used around the time of her problems. For example, Malmquist claims that she has had an increasing number of flashbacks related to a traumatic experience earlier in life.[9] In addition, Malmquist had one of her two daughters living with her for

---

[9] Malmquist was kidnaped at age 16 by several men in a van. She was kept tied to a towel rack in a bathroom and raped and abused repeatedly for several weeks by four or five different men. She was eventually rescued and hospitalized due to dehydration,
(continued…)

11

some time, and when the daughter moved out, Malmquist claims that she became increasingly depressed. Malmquist also has a long history of psychiatric hospitalizations, starting at age eleven and presumably before she was using these substances. These examples, and others in the record, may cause an onset of mental problems without the aid of alcohol or drugs.

Third, the ALJ failed to fairly and fully develop the record pursuant to 20 C.F.R. § 404.1512, which may have caused the record's lack of evidence to support the ALJ's finding regarding Malmquist's mental functional capacity. This regulation, more specifically 20 C.F.R. § 404.1512(e), explains that an ALJ may need to re-contact medical sources in order to obtain adequate information.[10] At Malmquist's hearing, the ALJ recognized that Mamlquist's "therapist who is a social worker and her physician's assistant, who prescribes her psychotripic medication, did not provide written opinions in connection with the claim regarding Ms. Malmquist's mental capacity." R. at 27. Without additional information from these sources, Dr. Morton's report, containing findings that are inconsistent with the rest of the record, does not provide substantial evidence on the record for the ALJ's finding that Malmquist is not disabled due to her mental functional capacity.

---

[9](…continued)
malnutrition, and bruising.

[10] 20 C.F.R. § 404.1512(e) provides that:
> When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.

Lastly, the court notes that the ALJ's above-explained reliance on Dr. Morton's report, the ALJ's assumption concerning substance abuse necessarily causing hospitalizations, and the ALJ's failure to fully and fairly develop the record prejudiced Malmquist. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993)(citing *Phelan v. Bowen*, 846 F.2d 478, 481 (8th Cir. 1988)(finding that remand for failure to fully develop the record is inappropriate absent unfairness or prejudice).

### B. *Malmquist's Physical Functional Capacity*

The ALJ found that Malmquist has the physical functional capacity to perform some of the range, but not a full range, of light work. Because the ALJ found that Malmquist could not perform the full range of light work, he provided Malmquist's physical limitations to a vocational expert (VE). The VE found that an individual with the abilities and limitations provided by the ALJ would be able to perform a variety of sedentary unskilled positions that exist in significant numbers in the national economy. As a result, the ALJ found that Malmquist was not disabled.

The court finds that there was substantial evidence in the record as a whole to support the ALJ's findings regarding Malmquist's physical functional capacity and the subsequent finding that Malmquist's physical limitations, alone, do not cause her to be disabled. Although the court recognizes that Malmquist has an unfortunate back injury, there is substantial evidence in the record as a whole that she is still able to do light work, despite her limitations. Judge Zoss found that there was substantial evidence in the record as a whole to support the ALJ's assessment of Malmquist's physical residual functional capacity and, therefore, Judge Zoss's finding is not clearly erroneous.

## IV. *DIRECTIONS ON REMAND*

On remand, the ALJ is first directed to evaluate whether he or she has complied with 20 C.F.R. § 404.1512(d)-(e).[11] The court stresses that the ALJ's duty to fully and fairly develop the record is not discharged by Malmquist's burden to prove that substance abuse was not a contributing factor material to the disability determination. *Brueggemann*, 348 F.3d at 693. Second, the court emphasizes that the ALJ, if he or she seeks to consider the effects of substance abuse, must have fidelity to the three steps that precede a determination of whether Malmquist has a substance use disorder that is a contributing factor material to the determination of disability. *See Brueggemann*, 348 F.3d at 694. In the first step of the 20 C.F.R. § 404.1535 analysis, the ALJ must determine whether Malmquist is disabled under the familiar 20 C.F.R. § 404.1535 five-step analysis, without discounting any of Malmquist's symptoms due to a suspicion that they are rooted in a substance use disorder. *See Id.* (finding that "[t]he ALJ must reach this determination initially… without segregating out any effects that might be due to substance use disorders."). Third, the ALJ should, as Judge Zoss suggested, "resolve the obvious inconsistencies between Dr. Morton's conclusions and the ongoing assessments of Malmquist's mental status by her treating therapist." Doc. No. 13. Resolving these inconsistencies will likely be furthered by fully and fairly developing the record, as required by 20 C.F.R. § 404.1512(e).

---

[11] The ALJ's actions, in re-contacting medical sources, is governed by 20 C.F.R. § 404.1512(e)(1)-(2). *See* also *Coleman v. Astrue*, 498 F.3d 767 (8th Cir. 2007).

## V.  CONCLUSION

The court finds that the ALJ's determination that Malmquist's mental functional abilities did not warrant a finding of disability is not supported by substantial evidence and that the ALJ failed to fully and fairly develop the record.  Therefore, the court accepts Judge Zoss's report and recommendation and **reverses** the Commissioner's decision that Malmquist is not disabled and **remands** the case for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

**DATED** this 29th day of December, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA